IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01947-NRN

AMARVIR SINGH,

     Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility, Aurora, CO;
GEORGE VALDEZ, Field Office Director of the Denver Field Office, U.S. Immigration and Customs Enforcement ("ICE");
DAVID J. VENTURELLA,[1] Acting ICE Director;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,

     Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Amarvir Singh's ("Petitioner") Amended Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 (the "Amended Petition"). ECF No. 15. Because this is a fundamentally legal debate, there is no need for a hearing on the Amended Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Amended Petition.

### BACKGROUND

Petitioner is a citizen of India who arrived in the Unites States in April 2022 without being admitted or paroled after inspection by an Immigration Officer and without

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is substituted for Todd Lyons.

being in possession of a valid entry document. ECF No. 1 ¶ 23.[2] Petitioner was then served with a Notice to Appear ("NTA") which was filed with the Immigration Court on June 29, 2022. *Id.* On August 26, 2024, an Immigration Judge ("IJ") denied his application for asylum. *Id.* Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado and has been denied a bond hearing.

In his Original Petition, Petitioner argued that Respondents' failure to provide him a bond hearing violated his Fifth Amendment due process rights and the Administrative Procedure Act. *Id.* ¶¶ 29–52. After reviewing Respondents' response, ECF No. 11, and noting that Petitioner did not challenge his detention without bond under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act ("INA"), the Court held a Status Conference on May 27, 2026. *See* ECF No. 13. The Court gave Petitioner leave to file amend his petition, which he did on June 1, 2026. ECF No. 15. In the Amended Petition, Petitioner does argue, among other things, that the Respondents are improperly subjecting him to mandatory detention under § 1225(b)(2) instead of § 1226(a). *Id.* ¶¶ 37–40. He asks that he be immediately released from detention and that the Court award him his attorney's fees and costs. ECF No. 15 at 10.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as almost every other judge in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to

---

[2] Some allegations are taken from Petitioner's original Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 ("Original Petition"), ECF No. 1, which Petitioner incorporated into his Amended Petition. *See* ECF No. 15 ¶ 3.

persons, like Petitioner, who have already been residing in the United States for years).

Indeed, Respondents concede

> that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

ECF No. 16 at 4.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under Respondents' new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026),

*Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026) ("The Court joins its colleagues in this District and those courts across the country

that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly considered to be detained under § 1226(a).").[3]

In support of their position, Respondents reference the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. Mar. 25, 2026). Respondents accurately note that the Court has repeatedly rejected any reliance on these courts' interpretation of the statute. *See, e.g.*, *Solis-Gutierrez v. Mullin*, No. 26-cv-01287-NRN, 2026 WL 925535, at *2 (D. Colo. Apr. 6, 2026). The Court also acknowledges that in recent decision, Chief Judge Daniel D. Domenico found that the petitioner was subject to mandatory detention under § 1225(b)(2)(A). *See Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. Apr. 15, 2026). However, the Court finds that Respondents have "present[ed] no argument for why these non-binding decisions require the Court to reverse itself on this legal question." *Gregorio Martinez Torres v. Bondi*, No. 26-cv-01062-CYC, 2026 WL 860425, at *1 (D. Colo. Mar. 30, 2026). Moreover, the Court notes that the Second and Sixth Circuits have forcefully rejected Respondents' position. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. May 11, 2026).

---

[3] The Court need not address Petitioner's other arguments or claims for relief. *See Hernandez v. Baltazar*, No. 26-cv-0276-WJM-TPO, 2026 WL 304362, at *1 n.1 (D. Colo. Feb. 5, 2026) ("Because the Court concludes that section 1226(a) controls here, it need not base its Order on whether Alvarez Hernandez's other arguments are availing."); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Given that "over ninety percent of district court judges have sided with Petitioner," *Barbosa da Cunha*, 175 F.4th at 71, the Court finds no reason to reverse itself here.

As to the appropriate remedy, Petitioner asks for immediate release from detention. In support, he cites Judge S. Kato Crews' order in *Diallo v. Baltazar*, No. 1:25-cv 3548-SKC, 2026 WL 237296 (D. Colo. Jan. 29, 2026). In that case, Mr. Diallo filed an application for asylum and was issued a work authorization and social security number in connection with his asylum case. 2026 WL 237296, at *1. He then missed a remote check-in appointment in July 2025, and when he subsequently appeared at the field office based on a "call in" letter he received, he was detained. *Id.* Judge Crews ordered that he be released, rather than be given a bond hearing, because "[n]ot only is Petitioner's continued detention unlawful, but his original arrest pursuant to the 'call in' letter was also unlawful" because "[u]nder § 1226, a noncitizen may only be arrested pursuant to a 'warrant issued by the Attorney General.'" *Id*. at *3.

In this case, Petitioner does not actually allege that he was arrested without a warrant. Instead, he claims that, "[l]ike petitioner in *Diallo v. Baltazar*, the government placed [him] under arrest during a scheduled check-in," and "[s]ince no warrant was ever *produced* when the petitioner was detained, he is entitled to immediate release due to his unlawful detention." ECF No. 15 ¶¶ 19–20 (emphasis added). Neither the Original nor Amended Petition provide any more details regarding the arrest; Petitioner does not even state the date it happened. Under these circumstances, the Court agrees with Respondents that the appropriate remedy is for Respondents to provide Petitioner with a prompt bond hearing. *See Montanez de la Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *3 (D. Colo. Feb. 17, 2026) ("[B]ecause § 1226 authorizes

detention, the Court does not find that petitioner's immediate release is an appropriate remedy. Instead, the Court will order that a bond hearing be conducted.").

Lastly, Petitioner requests attorney fees and costs. ECF No. 15 at 10. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Amended Petition, ECF No. 15, is **GRANTED IN PART** as follows.

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**

2) At the bond hearing, Respondents shall:

   a. Bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk. *See Abanil,* 2026 WL 100587, at *8 ("[T]the weight of authority in this District is clear: it is the Government's burden to 'justify[ ] a noncitizen's continued detention at a bond hearing.'" (quoting *Arauz v. Baltazar*, No.

7

25-cv-03260-CNS, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025));

*Espinoza Ruiz v. Baltazar*, No. 25-cv-03642-CNS, 2025 WL 3294762, at

*2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the

burden for bond hearing under § 1226(a)); *Loa Caballero*, 2025 WL

2977650, at *9 ("During such [bond] hearing, the Respondents bear the

burden of justifying detention."); and

b. Demonstrate at the bond hearing that Petitioner was arrested and

detained pursuant to a warrant.

3) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that

he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

4) Respondents shall file a status report within three days of Petitioner's bond

hearing, stating whether he has been granted bond, and, if his request for bond

was denied, the reasons for that denial.

Dated: June 15, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

8