IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01947-NRN

AMARVIR SINGH,

 Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility, Aurora, CO;
GEORGE VALDEZ, Director of the Denver Field Office, U.S. Immigration and Customs Enforcement;
DAVID J. VENTURELLA, Acting Ice Director;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,

 Respondents.

---

**ORDER GRANTING PETITIONER'S MOTION TO ENFORCE
THIS COURT'S ORDER AND FOR RELIEF (ECF No. 19)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

Before the Court is Petitioner Amarvir Singh's Motion to Enforce this Court's Order and for Relief (the "Motion"). ECF No. 13. Respondents filed an abbreviated response. ECF No. 20. For the foregoing reasons, the Motion is **GRANTED**.

**BACKGROUND**

On June 15, 2026, the Court issued an Order, ECF No. 17, granting in part Mr. Singh's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Amended Petition"), ECF No. 15. Respondents were ordered to provide Mr. Singh with a bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a) within seven days. The Court ordered that "Respondents bear the burden of proving by clear and

convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk." ECF. No. 17 at 7 (citing *Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1160 (2026) (collecting cases)). The Order also provided that "**[i]f Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention[.]**" *Id*.

A bond hearing was held on June 24, 2026. However, Mr. Singh argues that the IJ did not comply with this Court's order when she determined that Petitioner was a flight risk. In denying bond, the IJ stated,

> The Court finds that the Department of Homeland Security has met their burden of proof by clear and convincing evidence that the respondent is a significant risk of flight. Primarily, the Court is basing that decision on the fact that he was ordered removed and his asylum application denied on March 25 of 2026.

ECF No. 19-1 at 6 (Uncertified Hr'g Tr.). The IJ said she would provide "a full memorandum of the law explaining all my reasons, legal reasons for that," *id.*, but apparently no written decision has been issued.

Mr. Singh states that the IJ's analysis was deficient because she "(1) conducted a backward-looking analysis of the prior merits decision rather than a forward-looking assessment of flight risk; (2) failed to meaningfully engage with material evidence bearing directly on flight risk; and (3) completely ignored critical evidence that Petitioner had a timely pending BIA appeal and a stayed removal order." ECF No. 19 at 3. Specifically, Mr. Singh argues that the IJ ignored the following evidence:

> Petitioner's immigration counsel proffered that Petitioner had a pending BIA appeal; that he timely filed his asylum application; that the BIA accepted his appeal timely and the appeal remained pending; and that the removal order was stayed pending the appeal. Counsel further proffered that Petitioner had been detained after a minor traffic violation, but that there was no

2

evidence he had actually been charged with a traffic violation. Counsel also proffered that Petitioner had lived in the United States for a significant amount of time, had no criminal history, had stayed out of trouble, worked, submitted proof of employment, had a bond sponsor who would take him in upon release, and had community ties through employment and letters supporting his good moral character.

at 2 (citing ECF No. 19-1 at 6). As relief, Mr. Singh requests that this Court either conduct a bond hearing itself or order his immediate release. *Id.* at 14–15.

Respondents' response to Mr. Singh's Motion states in full as follows:

Respondents, in their official capacities, hereby respond to Petitioner's Motion to Enforce, ECF No. 19. Respondents do not concede that the Motion is meritorious or that Respondents have not complied with this Court's prior Order granting the habeas petition (ECF No. 17). But for purposes of this specific case, Respondents are not submitting a brief in opposition to the Motion detailing the facts and circumstances at issue. Respondents recognize that the Court may then decide to grant the Motion and award appropriate relief. If the Court does grant the Motion, Respondents submit that the Court should issue an order that directs a new bond hearing before the immigration Court.

ECF No. 20 at 1–2.

## ANALYSIS

As an initial matter, the Court finds that it can properly exercise jurisdiction over Mr. Singh's due process claims. While it is true that 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole," U.S.C. § 1226(e), "that is not what the Court is doing by way of this Order. Instead, the Court is assessing whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives. The Court undisputedly has the authority to enforce its own orders." *Quiroz Zacarias v. Mullin*, No. 26-CV-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026); *see also*

3

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("[C]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates") (internal citation omitted). Thus, this Court has jurisdiction to entertain the Motion and to ensure compliance with its original Order.

Turning to the merits of Mr. Singh's Motion, the Court concludes that that he did not receive a bond hearing that comported with due process.

In its Order, the Court stated that at the bond hearing, Respondents carried the burden of proving by clear and convincing evidence that Mr. Singh's continued detention is justified due to dangerousness or flight risk. ECF No. 17 at 7. "The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication." *Addington v. Texas*, 441 U.S. 418, 423 (1979) (quotation omitted). "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024) (quoting *Florida v. Georgia*, 592 U.S. 433, 438–39 (2021)).

As noted above, the IJ found that the Department of Homeland Security ("DHS") met its burden of proof by clear and convincing evidence that Mr. Singh is a significant risk of flight. This decision was based "primarily" on the fact that Mr. Singh had been ordered removed and his asylum application had been denied. Notwithstanding that an across-the-board application of the IJ's reasoning would seemingly preclude bond in any case involving detained individuals with removal orders and/or asylum denials, her analysis has little bearing on whether *Mr. Singh* is likely to abscond if released on bond.

4

*See In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) ("In general, an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."). In other words, the IJ did not perform an individualized assessment that comports with due process requirements. This is especially true because Mr. Singh presented evidence that the removal order was stayed pending a final decision in his BIA appeal. Although this pending appeal would appear to provide Mr. Singh with significant incentive to appear at all future proceedings, the IJ did not bother to address it. Nor did she discuss any of the other factors used to determine whether bond is appropriate, which

> may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* Given that Mr. Singh presented evidence of "a fixed-address plan through a bond sponsor, proof of employment, no criminal history, letters of community support and good moral character, and a pending BIA appeal that gave him a concrete reason to appear," ECF No. 19 at 9, all of which were entirely ignored by the IJ, the Court finds that IJ failed to comply with this Court's order directing that the Government bear the burden of justifying Mr. Singh's detention by clear and convincing evidence.

While some courts have ordered a second bond hearing employing the constitutionally required standards, *see Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO,

5

2026 WL 1361514, at *4 (D. Colo. May 15, 2026) (citing cases), the Court finds that an order of immediate release is warranted. "Due process is not satisfied by rubberstamp denials of bond." *Id*. at *3 (citations omitted). Yet, as Judge William J. Martinez recently noted, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Singh v. Valdez*, No. 26-cv-1109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026). "The Court sees no reason to order another bond hearing—and risk a third constitutional violation—and prolong the detention that this Court has already determined is unlawful." *Meija*, 2026 WL 1361514, at *5; *see also Quiroz Zacarias*, 2026 WL 1092162, at *5 (ordering immediate release and recognizing that "[r]equiring [the petitioner] to undergo yet another" bond hearing "would only add further insult to the constitutional injury to which Petitioner has already been subjected").

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

1) Petitioner's Motion to Enforce this Court's Order and for Relief, ECF No. 19, is **GRANTED**;

2) Respondents **SHALL RELEASE** Mr. Singh within **48 hours** of the issuance of this Order; and

3) On or before July 24, 2026, the Parties shall file a joint status report confirming Mr. Singh's release and informing the Court whether further proceedings are required in this case.

Dated: July 17, 2026

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge